```
           IN THE UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF HAWAII

ANTONIO CUPO and DOROTHY      )   CIVIL NO. 17-00253 HG-KSC
WANG,                         )
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
ALIOMANU SAND CASTLES, LLC,   )
                              )
          Defendant.          )
_____)
```

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**
**(ECF No. 12)**

Plaintiffs Antonio Cupo and Dorothy Wang allege they leased a vacation rental property owned by Defendant Aliomanu Sand Castles, LLC. Plaintiffs claim that Cupo was injured when a chair he was sitting in collapsed.

Defendant moves to dismiss Plaintiffs' Complaint for improper venue, failure to state a claim, and failure to join a necessary and indispensable party.

Defendant argues that Plaintiffs' Amended Complaint is subject to a binding forum selection clause designating the Fifth Circuit Court of the State of Hawaii as the proper venue.

Defendant's Motion to Dismiss (ECF No. 12) is **GRANTED.** Plaintiffs' Amended Complaint (ECF No. 9) is **DISMISSED WITH PREJUDICE.**

### PROCEDURAL HISTORY

On May 30, 2017, Plaintiffs filed a COMPLAINT. (ECF No. 1).

On June 1, 2017, Chief Judge J. Michael Seabright issued an ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE. (ECF No. 5).

On July 7, 2017, Plaintiffs filed PLAINTTFS' [sic] RESPONSE TO ORDER TO SHOW CAUSE. (ECF No. 6).

On July 7, 2017, Plaintiffs filed an AMENDED COMPLAINT. (ECF No. 9).

On July 10, 2017, Chief Judge Seabright issued an ORDER finding that Plaintiffs' Response, Affidavits, and Amended Complaint sufficiently alleged diversity jurisdiction and therefore the Order to Show Cause was vacated. (ECF No. 10).

On August 3, 2017, Defendant filed a MOTION TO DISMISS FOR IMPROPER VENUE, FAILURE TO STATE A CLAIM AND FAILURE TO JOIN A NECESSARY AND INDISPENSABLE PARTY. (ECF No. 12).

On September 12, 2017, this case was reassigned to Judge Helen Gillmor. (ECF No. 17).

On September 25, 2017, Plaintiffs filed a pleading entitled PLAINTIFFS' OPPOSITION RESPONSE TO MOTION TO DISMISS. (ECF No. 19).

On October 20, 2017, Defendant filed a REPLY. (ECF No. 20).

The court elected to decide the motion without a hearing pursuant to Local Rule 7.2(d). (ECF No. 26).

## BACKGROUND

Plaintiffs Cupo and Wang state they are a married couple. (Amended Compl. at ¶ 21, ECF No. 9). Plaintiffs allege they are

2

citizens and residents of Canada. (Id. at ¶ 1).

The Amended Complaint alleges Defendant Aliomanu Sand Castles, LLC, has its principal place of business in California and is a limited liability company formed in Hawaii. (Id.) The Amended Complaint alleges no member, manager, or any person or entity affiliated with Defendant is a resident or citizen of Canada. (Id.)

Defendant owns a vacation rental property on the island of Kauai located at 5000 Aliomanu Road, Anahola, Hawaii. (Id. at ¶¶ 3-4). Defendant employs Coldwell Banker Bali Hai Realty as its professional property manager. (Motion to Dismiss at p. 2, ECF No. 12).

Plaintiff Wang entered into a lease for a vacation rental unit on the property for the period from May 28, 2015, to May 31, 2015. (Id. at p. 4; Amended Complaint at ¶ 4, ECF No. 9).

Plaintiff Cupo claims that on May 30, 2015, while sitting on a plastic chair on the deck of the vacation rental property, it collapsed, causing him injuries. (Amended Compl. at ¶ 7, ECF No. 9).

Plaintiffs filed an identical lawsuit in the State of Hawaii Circuit Court of the Fifth Circuit on May 30, 2017, civil case number 17-1-0084.[1] (Complaint and Summons, ECF No. 20-2).

---

[1] See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (approving taking judicial notice of proceedings in other courts "if those proceedings have a direct relation to matters at issue"); see also Fed. R. Evid. 201(c)(1).

3

## STANDARD OF REVIEW

A motion to dismiss based on a forum-selection clause is treated as a Rule 12(b)(3) motion to dismiss for improper venue. Arqueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). The pleadings need not be accepted as true and the court may consider facts outside of the pleadings. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004) (citing Richards v. Lloyd's of London, 135 F.3d 1289, 1292 (9th Cir. 1998) and Arqueta, 87 F.3d at 324).

Generally, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Atl. Marine Const. Co., Inc., v. U.S. Dist. Court for W. Dist. of Texas, 134 S.Ct. 568, 581 (2013) (internal quotation marks and quoting citation omitted).

A federal district court may enforce a forum selection clause in one of two ways. First, a federal district court may enforce a forum selection clause by dismissing the action pursuant to the doctrine of forum non-conveniens. Id. at 580. Dismissal is appropriate if the forum selection clause provides for a state or foreign tribunal as the selected forum. Id.; Cycle City, Ltd. v. Harley-Davidson Motor Co., Inc., 81 F.Supp.3d 993, 1000 (D. Haw. 2014).

Second, a federal district court may enforce a forum selection clause by transferring the action pursuant to 18 U.S.C. § 1404(a). Transfer of the case is appropriate pursuant to

4

Section 1404(a) when the selected forum is another court within the federal court system. Atl. Marine Const. Co., Inc., 134 S.Ct. at 580-81.

## ANALYSIS

### I. PRO SE

It is unclear if Plaintiffs appear pro se. Plaintiff may be represented by Canadian counsel Mr. Scott Parks. (Scheduling Conference Minutes at p. 1, ECF No. 24; Declaration of Steven Goto at ¶ 3, ECF No. 12-1). Parks has not been admitted pro hac vice and Plaintiffs do not appear to have retained local counsel.

The Court will therefore liberally construes Plaintiffs' filings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam)).

### II. THE VACATION RENTAL AGREEMENT

Plaintiffs bring this suit in diversity for personal injuries sustained while Plaintiffs stayed at Defendant's vacation rental property. Plaintiffs allege they are both citizens and residents of Canada. (Amended Complaint at ¶ 1, ECF No. 9). The Amended Complaint alleges that Defendant has its principal place of business in California and is a limited

5

liability company formed in Hawaii.  (Id.)  The Amended Complaint states that no member, manager or any person or entity affiliated with Defendant is a resident or citizen of Canada.  (Id.)

Defendant moves to dismiss this action for improper venue under Federal Rule of Civil Procedure 12(b)(3).  Defendant asserts that the venue in this action is governed by a binding forum selection clause.

In reviewing a Fed. R. Civ. P. 12(b)(3) motion, the district court does not accept the pleadings as true, as would be required under a Fed. R. Civ. P. 12(b)(6) analysis.  Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996); Richards v. Lloyd's of London, 135 F.3d 1289, 1292 (9th Cir. 1998).  The district court is permitted to consider facts outside of the pleadings.  Argueta, 87 F.3d at 324.

Defendant alleges that on July 16, 2014, Plaintiff Wang entered into a written contract titled "Vacation Rental Agreement" (hereinafter "Rental Agreement") with the property manager, Coldwell Banker Bali Hai Realty (hereinafter the "Property Manager").  (Motion to Dismiss at p. 4, ECF No. 12).  The agreement to lease the property from May 28, 2015, to May 31, 2015 was attached to the Motion to Dismiss.  (ECF No. 12-4).

The Rental Agreement contains a forum selection clause stating any claims arising out of the agreement are to be brought in the Fifth Circuit Court of the State of Hawaii.  (Motion to Dismiss at p. 5, ECF No. 12; Rental Agreement at p. 6, ECF No. 12-4).  The agreement also contains an indemnification clause

that states both Defendant and Property Manager are to be held harmless from any "injury, accident or death arising from or related to the Guest's use of the Property." (Motion to Dismiss at p. 5, ECF No. 12; Rental Agreement at p. 5, ECF No. 12-4).

**III. THE FORUM SELECTION CLAUSE**

The Rental Agreement signed by Plaintiff Wang is a seven page form contract. (Rental Agreement, ECF No. 12-4). It contains sections relating to payment, Property Manager responsibilities, guest responsibilities, waivers and releases. (Id.) The forum selection clause is printed in the same font size as the rest of the terms of the agreement. (Id.)

The forum selection clause reads as follows:

Any Claim or cause of action arising out of this Agreement shall be brought in the Fifth Circuit of the Circuit Courts of the State of Hawaii, and Guest hereby consents to the jurisdiction thereof and waives any right to contest the venue of any proceeding.

(Rental Agreement at p. 6, ECF No. 12-4)

In diversity suits, such as this case, federal courts apply state law to substantive issues and federal law to procedural issues. Erie Railroad v. Tompkins, 304 U.S. 64 (1938). Federal procedural issues raised by forum selection clauses significantly outweigh state interests. Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988). The federal law announced in M/S Bremen v. Zapata Off-Shore Co. controls enforcement of forum selection clauses in diversity cases. Id. (citing 407 U.S. 1, 15 (1972)). In federal court, federal law,

7

not state law, controls the enforcement and interpretation of forum selection clauses in diversity cases. Id.

### A. Plaintiffs Are Closely Related

The Rental Agreement was entered into by Plaintiff Wang. Wang's husband, Plaintiff Cupo, did not sign the agreement. The Ninth Circuit Court of Appeals has held that a court may enforce a forum selection clause against a nonsignatory to a contract who is closely related to the dispute such that it is foreseeable that the party would be bound. Manetti-Farrow, 858 F.2d at 514 n. 5; see also Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 456 (9th Cir. 2007). The Eleventh Circuit Court of Appeals has held that spouses are so "closely related" that they bind each other to forum selection clauses. See Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1299 (11th Cir. 1998). The Hawaii District Court has held similarly. Madoff v. Bold Earth Teen Adventures, No. CIV. 12-00470 SOM, 2013 WL 1337337, at *4 (D. Haw. Mar. 28, 2013).

Both Plaintiffs are bound by the forum selection clause if it is valid.

### B. The Scope of the Forum Selection Clause

Plaintiffs do not contend that the forum selection clause is completely unenforceable. Rather, Plaintiffs argue that the scope of the forum selection clause does not apply to tort claims. (Plaintiffs' Opposition at pp.2-3, ECF No. 19).

The Ninth Circuit Court of Appeals has held that whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract. Manetti-Farrow, 858 F.2d at 509.

In Manetti–Farrow, the plaintiff had entered into an exclusive dealership contract with Gucci, which contained a forum selection clause establishing Florence, Italy as the forum for any litigation "regarding interpretation or fulfillment" of the contract. Id. at 510. When Gucci terminated the dealership, plaintiff filed suit in the Northern District of California against Gucci, alleging conspiracy to interfere with contractual relations, conspiracy to interfere with prospective economic advantage, tortious interference with contract, tortious interference with prospective economic advantage, violation of the covenant of good faith and fair dealing, and unfair trade practices. Id. at 511. The Ninth Circuit Court of Appeals found that because the conflict between the parties centered on interpretation of the contract, the controversy was governed by the forum selection clause. Id. at 514 (internal citation omitted).

The Rental Agreement at issue in this case contains a clause indemnifying and holding harmless Defendant and its Property Manager. It states, in relevant part:

> Guest agrees to indemnify and hold harmless Owner and
> Coldwell Banker Bali Hai Realty from and against any
> loss, liability, damage or expense (including legal
> fees and costs) that Guest may suffer, sustain or
> become subject to as a result of, or in connection with

9

any injury, accident or death arising from or related
to Guest's use of the Property.

(Rental Agreement at p. 5, ECF No. 12-4).

Defendant argues that this clause precludes Plaintiffs from stating a claim for which relief may be granted. (Motion to Dismiss at pp. 13-17, ECF No. 12). Determining whether the indemnification clause applies to Plaintiffs' tort claim requires interpretation of the indemnification clause.[2] As in Manetti-Farrow, the Court cannot resolve Plaintiffs' tort claim without interpreting the contract. 858 F.2d at 514.

Plaintiffs' tort claim relates to the interpretation of the contract and is subject to the Rental Agreement's forum selection clause. Kelso Enterprises, Ltd. v. M/V Wisida Frost, 8 F.Supp.2d 1197, 1206-07 (C.D. Cal. 1998).

### C. The Enforceability of the Forum Selection Clause

The enforceability of the Rental Agreement's forum selection clause is controlled by M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). In Bremen, the United States Supreme Court held that forum selection clauses are presumptively valid and should be enforced absent some compelling and countervailing reason. Id. The party challenging the forum selection clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause

---

[2] The Court will not inquire into the validity of the indemnification clause. The resolution of the venue question must first be resolved and may preclude reaching the question.

was invalid for such reasons as fraud or over-reaching." Id. at 15, 17.

The Ninth Circuit Court of Appeals, in Murphy v. Schneider National, Inc., held that even though Bremen created a presumption in favor of enforcing forum selection clauses, Bremen recognized three reasons that would make enforcement of a forum selection clause unreasonable: (1) the clause was included as a result of fraud or overreaching; (2) the party seeking to avoid the clause would "effectively be deprived of his day in court" if the clause were enforced; or (3) if enforcement would contravene a strong public policy in the forum in which the suit is brought. 362 F.3d 1133, 1140 (9th Cir. 2004) (citing Bremen, 407 U.S. at 12-13, 15, 18) (internal quotation marks and citation omitted).

No evidence has been offered suggesting that enforcement of the forum selection clause would be unreasonable. Id.

### 1. Fraud or Overreaching

First, the circumstances surrounding inclusion of the forum selection clause in the Rental Agreement do not give rise to either fraud or overreaching. In Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991), the United States Supreme Court enforced a forum selection clause contained in a cruise line's passenger contract ticket, despite the non-negotiable nature of the clause and the parties' difference in bargaining power. Carnival Cruise, 499 U.S. at 587, 595. The Ninth Circuit Court of Appeals has held that Carnival Cruise stands for the

11

proposition that "a differential in power or education on a non-negotiated contract will not vitiate a forum selection clause." Murphy, 362 F.3d at 1141 (concluding that allegations of power differential and non-negotiability are insufficient to overcome the "strong presumption in favor of enforcing forum selection clauses").

Faced with this precedent, to the extent that Plaintiffs could attempt to allege fraud or overreaching because the Rental Agreement was a form contract and because Plaintiffs had less experience than Defendant in these matters, those arguments must necessarily fail.

### 2. Deprived of Their Day in Court

Second, Plaintiffs would also not be effectively deprived of their day in court. They have filed a parallel action in the Fifth Circuit Court of the State of Hawaii. (Complaint and Summons, ECF No. 20-2).

### 3. Public Policy

Third, courts in this District have not identified a strong public policy in Hawaii law that would be contravened by enforcing a forum selection clause such as the one in the Rental Agreement. See e.g., Chey v. Orbitz Worldwide, Inc., 983 F.Supp. 2d 1219, 1233 (D. Haw. 2013); Madoff, 2013 WL 1337337, at *12; Marsh USA, Inc. v. Karasaki, No. CIV. 08-00149 SOM, 2008 WL 1805662, at *7-8 (D. Haw. Apr. 22, 2008). The Court finds that

the forum selection clause is valid and enforceable.

Plaintiffs' tort claims are within the scope of a valid forum selection clause so venue is not proper in the Federal District Court. The Court will not consider Defendant's additional arguments that Plaintiff has failed to state a claim or join an indispensable party. The Court **GRANTS** Defendant's Motion to Dismiss to the extent that it asserts that venue is improper. Plaintiffs' case is **DISMISSED WITH PREJUDICE**.

## CONCLUSION

Defendant Aliomanu Sand Castles, LLC's Motion to Dismiss (ECF No. 12) is **GRANTED**.

Plaintiffs' Amended Complaint (ECF No. 9) is **DISMISSED WITH PREJUDICE.**

The Clerk of Court is **DIRECTED TO CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 15, 2017.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Antonio Cupo and Dorothy Wang v. Aliomanu Sand Castles, LLC; Civ No. 17-00253 HG-KSC; **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE (ECF No. 12)**